UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DREW ROBERT LARMAN,

     Plaintiff,

v.                          Case No:  2:26-CV-1450-JES-NPM

CARMINE MARCENO, in his
official capacity as Sheriff
of Lee County; and DEPUTY
D.C. GONZALES, SERGEANT T.
RALL, DEPUTY J. HIDEG,
DEPUTY C. LINK, DEPUTY M.
MILLIGAN, in their
individual capacities,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of *pro se* plaintiff's 227-page Complaint for Damages and Equitable Relief (Doc. #1) filed on April 30, 2026. Attached to the Complaint are 111 pages of exhibits.

"A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants — in a professionally constrained manner consistent with the dignity of the adversarial process in an Article III court of the United States — of the nature and content of the claims." Trump v. New York Times Co., 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025). For a pleading to state claims for relief, it "must contain: **(1)** a short and plain statement of the grounds for the court's

jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

In the Complaint, plaintiff includes case citations, legal conclusions ("this action is timely filed under the applicable statutes of limitation and accrual rules"), defenses to arguments not yet made ("Plaintiff does not concede that any claim is untimely…. Plaintiff pleads that any limitations defense should be rejected…."), and a reservation of the right to amend the complaint. Plaintiff provides general facts, incorporating all the facts through paragraph 286 into each count, as well additional facts under each count along with legal standards and more case law. None of these lend to a short or plain statement for relief.

There are several types of shotgun pleadings that make it difficult for the Court to proceed with the current pleading. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that

- 2 -

does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-22 (11th Cir. 2015).

Plaintiff attempts to circumnavigate the 'shotgun pleading' waters by stating that all factual allegations (paragraphs 21 through 286) are incorporated "only to the extent those allegations are material and relevant to this Count. Plaintiff expressly excludes unrelated allegations and does not incorporate the legal conclusions or separate cause of actions asserted in other Counts." (Doc. #1, ¶¶ 293, 327, 369, 417, 456, 510, 553, 620, 679, 758, 791.)  This repeating statement does not erase the fact that the Complaint is replete with superfluous facts and argument, and amendment would be appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint for Damages and Equitable Relief (Doc. #1) is **dismissed** without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order that is limited to **50 pages.  If no Amended Complaint is filed, the case will be closed without further notice.**

- 3 -

2. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) remains **under advisement** pending review of an amended complaint.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of June 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

- 4 -